United States Court of Appeals,

Eleventh Circuit.

No. 95-5294

Non-Argument Calendar.

Robert ATTWOOD, Plaintiff-Appellant,

v.

Harry SINGLETARY, Defendant,

Robert Smith, Dr., Tomlini, Captain, Tim Stanford, Captain, Suarez, Officer, S. Freeman, Officer, Sampson, Officer, C. Williams, Sgt., Otano, Officer, Javier Garcia, Defendants-Appellees.

Feb. 11, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-2302-CIV-DLG), Donald L. Graham, Judge.

Before HATCHETT, Chief Judge, CARNES, Circuit Judge, and KRAVITCH, Senior Circuit Judge.

PER CURIAM:

Appellant Robert Attwood appeals the district court's dismissal with prejudice of his civil rights claims, brought pursuant to 42 U.S.C. § 1983, and the imposition of Rule 11 sanctions. We affirm for the reasons stated below.

FACTS

On November 8, 1994, Attwood filed a claim in the Southern District of Florida pursuant to 42 U.S.C. § 1983 for physical injuries and willful deprivation of proper medical care against various correctional officers and medical professionals. Attwood also moved to proceed as an indigent plaintiff in order to avoid liability for court fees and costs. Attwood filed an affidavit attesting that he had no access to, control over, or income from

any bank account since 1991, and that he owned no real estate or other valuable property. Defendants Singletary, Tomlini, Suarez and Otano filed a motion to dismiss under the provisions of 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 11. On August 14, 1995, the magistrate judge issued a report and recommendation. The report concluded that Attwood intentionally misstated his income to obtain indigent status and filed this claim in bad faith. The district court accepted the findings of the magistrate judge and dismissed the case against all defendants with prejudice on September 29, 1995, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 11.

Attwood is no stranger to the federal civil judicial system. The magistrate judge's report detailed Attwood's previous litigation in the district courts of this circuit. Attwood has filed at least sixty-one claims in the District Court for the Southern District of Florida alone. He has been equally litigious in the Northern District of Florida. Attwood regularly brings suits under the provisions of 42 U.S.C. § 1983 on the same factual grounds, changing only the venue or the names of the defendants.

In a recent case filed in the Northern District of Florida, *Attwood v. Singletary,* No. 92-40425-WS, Attwood sued numerous correctional officers and health care employees of the Department of Corrections, claiming that these defendants continuously violated Attwood's constitutional rights. On October 1 and October 7, 1993, the magistrate judge held an evidentiary hearing on the

merits of Attwood's motion for a preliminary injunction. [*]  In an exhaustive and detailed thirty-four page report, the magistrate judge individually examined Attwood's numerous claims for deprivation of medical care, denial of judicial access and retaliation.  The report concluded that Attwood's claims "had no reasonable basis in fact" and recommended that the district court impose Rule 11 sanctions because Attwood deliberately deceived the court and filed objectively unreasonable claims.

The magistrate judge assessed the veracity of Attwood's *in forma pauperis* affidavit with equal diligence.  The report recommended that the district court dismiss the claim pursuant to 28 U.S.C. § 1915(d), finding that Attwood deliberately filed a false application to proceed as an indigent plaintiff.  The magistrate judge's report also concluded that Attwood's actions were "manipulative and designed to further his abusive litigiousness" and recommended that Attwood be enjoined from filing any future suit in any other court that did not comply with the provisions of Rule 11.  The magistrate judge issued his report and recommendation on October 25, 1993.  On February 18, 1994, the district court adopted and incorporated the report and recommendation and dismissed the case with prejudice.

Subsequent to his filing in the Northern District, Attwood filed similar claims in the Southern District of Florida pursuant to 42 U.S.C. § 1983.  *See Attwood v. Navarro,* No. 92-6819.  Attwood

---

[*]The magistrate judge consolidated all forty suits brought in the Northern District because the factual bases were similar and because Attwood sought a preliminary injunction in each case.

also filed a motion and an affidavit in support of his motion to proceed *in forma pauperis.* In a report issued on July 12, 1995, the district court recommended dismissal with prejudice of *Navarro* pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1915(d), finding that Attwood filed a false affidavit in support of his indigent plaintiff status and had engaged in a pattern of bad faith litigation.

## DISCUSSION

This court reviews sanctions imposed pursuant to Rule 11 or 28 U.S.C. § 1915(d) for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460-61, 110 L.Ed.2d 359 (1990); *Harris v. Menendez,* 817 F.2d 737, 741 (11th Cir.1987). A district court ruling based on an erroneous interpretation of the law or a clearly erroneous reading of the evidence would constitute an abuse of discretion. *Cooter & Gell,* 496 U.S. at 405, 110 S.Ct. at 2460-61.

Federal Rule of Civil Procedure 11(b) provides in part:

> By presenting to the court ... a pleading, written motion, or other paper, an ... unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > ....
> >
> > (3) the allegations and other factual contentions have evidentiary support....

Fed.R.Civ.P. 11(b). Under the 1993 amendments to Rule 11, a party is responsible for reaffirming all contentions in papers filed before the court and informing the court of any changes of

circumstances that would render a contention meritless. Fed.R.Civ.P. 11 advisory committee's note. Rule 11 sanctions are proper "when a party files a pleading that has no reasonable factual basis" and "when the party files a pleading in bad faith for an improper purpose." *Pelletier v. Zweifel,* 921 F.2d 1465, 1514 (11th Cir.), *cert. denied,* 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991).

The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system. *Coppedge v. United States,* 369 U.S. 438, 446, 82 S.Ct. 917, 921-22, 8 L.Ed.2d 21 (1962). This court has noted, however, that "[t]he pauper's affidavit should not be a broad highway into the federal courts." *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir.1984). The statute provides that a court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1996). The purpose of this provision is to "weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Matthews v. Gaither,* 902 F.2d 877, 881 (11th Cir.1990). A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal. *Camp v. Oliver,* 798 F.2d 434, 438 (11th Cir.1986).

We find that the district court properly imposed sanctions pursuant to 28 U.S.C. § 1915(d) in light of Attwood's false claims of indigency and his history of abusing the judicial process. See *Camp,* 798 F.2d at 438. Attwood filed his motion to proceed as an

indigent plaintiff less than nine months after the District Court for the Northern District of Florida dismissed Attwood's claims under 28 U.S.C. § 1915(d). Attwood's affidavit stated that he had no access to a bank account since 1991 and owned no real property. These statements are in direct contrast to the credible findings of the magistrate judge in this case and the findings of the district court in the Northern District of Florida. The more recent case of *Attwood v. Navarro,* No. 92-6819, is also telling. Attwood contends that he believed the information truthful at the time of filing. Even if this court accepted Attwood's contentions as true, Rule 11 requires Attwood to make reasonable inquiries into the veracity of information filed before the court and to advise the court of any changes. Contrary to Attwood's assertion, his obligations under Rule 11 are not measured solely at the time of filing. *See Turner v. Sungard Business Systems, Inc.,* 91 F.3d 1418 (11th Cir.1996). Furthermore, this court has upheld dismissal where a plaintiff deliberately failed to advise the court of a prior determination that the plaintiff was not indigent. *Dawson v. Lennon,* 797 F.2d 934 (11th Cir.1986).

Due process requires notice and an opportunity to respond if Rule 11 sanctions are imposed. *Didie v. Howes,* 988 F.2d 1097, 1105 n. 8 (11th Cir.1993). Attwood argues that the court failed to provide a hearing to determine whether he falsely stated his financial status. The District Court for the Northern District of Florida held a two-day hearing on Attwood's financial status almost one year before Attwood filed this suit and found Attwood not indigent. The district court in the Northern District also

enjoined Attwood from filing any future suit that did not comply with Rule 11.  Attwood knew of the consequences resulting from filing a false affidavit in bad faith.  His actions show a history of bad faith litigiousness and deceit.  We therefore conclude that the district court properly dismissed the case and imposed sanctions pursuant to Rule 11 and 28 U.S.C. § 1915(d).  Accordingly, the decision of the district court is affirmed.

AFFIRMED.