United States Court of Appeals,

Eleventh Circuit.

No. 96-3698

Non-Argument Calendar.

Rodni BATTLES, Plaintiff,

James S. Puccio, Movant-Appellant,

v.

CITY OF FT. MYERS, Harold Ford, Martin Lehman, Timothy Kurkimilis, Defendants-Appellees.

Nov. 13, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 95-42-CIV), Anne C. Conway, Judge.

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

James Puccio appeals the order taxing costs against him in his capacity as Rodni Battles' attorney. The issue he raises on appeal is whether the district court abused its discretion in sanctioning Plaintiff's counsel.

## I. BACKGROUND

Puccio represented Battles in a multi-count civil action brought under Florida state law and 42 U.S.C. § 1983 against the City of Fort Myers, two Fort Myers police officers, Martin Lehman and Timothy Kurkimilis, and Fort Myers' Chief of Police, Harold Ford.

In the complaint, Battles alleged that, while he was standing in the parking lot of a night club, Lehman and Kurkimilis approached him and asked him to enter the club or leave the property. Battles further alleged that when he attempted to enter the club, the officers would not allow him to go inside. Battles alleged that Lehman and Kurkimilis then attacked him from behind, struck him with a baton, put him in a choke hold, temporarily cut off his air supply, uttered racial epithets, threatened to kill him, and threw him down onto the ground. At his deposition, Battles testified that

three people witnessed the incident. He further indicated that he could identify Lehman as the officer who struck him with a baton.

The district court granted summary judgment for Fort Myers on Battles' state law claims because Battles failed to satisfy an applicable notice requirement. The district court stated, however, that it could not "find as a matter of law that the Defendants' conduct was "reasonable.'" The district court therefore denied Defendants' motion to dismiss for failure to prosecute, Defendants' motion for summary judgment on the § 1983 claims, and the individual Defendants' motion for summary judgment as to the state law claims.

It is impossible to discern exactly what took place at the two-day trial because Puccio did not include the trial transcript in the record on appeal. During trial Battles apparently misidentified an unrelated party who happened to be present in the courtroom as Officer Lehman. Furthermore, Puccio failed to subpoena any of the witnesses who Battles claimed saw the alleged attack and none of them appeared at trial to give testimony. After the close of Battles' case, the district court granted a directed verdict in favor of Fort Myers and Kurkimilis, and after deliberation, the jury found in favor of Defendant Lehman on all claims.

## II. DISCUSSION

Puccio argues on appeal that the district court abused its discretion by imposing sanctions against him for insufficiently preparing for trial. Puccio asserts that it is unclear under what authority the district court imposed sanctions, but he argues that the sanctions against him were inappropriate under any authority, including Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and the inherent power of the court.

Defendants respond that the district court acted within its authority when it imposed costs against Puccio. Defendants further assert that this Court must rely on the findings and statements of the district court because Puccio, by failing to provide a trial transcript, failed to provide a sufficient record on appeal.

The district judge found that: (1) Plaintiff introduced little evidence against one of the officers; (2) the case against that officer was so weak that Plaintiff could not accurately identify the officer; and (3) Plaintiff failed to introduce any evidence to support the § 1983 claim against the City of Ft. Myers. Rule 11 grants courts the power to sanction litigants and attorneys who make assertions without proper evidentiary support. *See* Fed.R.Civ.P. 11(c). District courts can sanction litigants and/or attorneys under this rule. Fed.R.Civ.P. 11(c); *see also United States v. Milam,* 855 F.2d 739, 742 n. 6 (11th Cir.1988). A 1993 amendment to Rule 11 emphasizes an attorney's continuing obligation to make inquiries, and thus the rule allows sanctions when an attorney continues "insisting upon a position after it is no longer tenable." Fed.R.Civ.P. 11 advisory committee's note.

This Court reviews the district court's imposition of Rule 11 sanctions for abuse of discretion. *Attwood v. Singletary,* 105 F.3d 610, 612 (11th Cir.1997). "Reasonableness under the circumstances" is the test to be applied to determine whether an attorney has violated Rule 11. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987). Factors to be considered include the time available for investigation, whether the attorney had to rely on information from a client, and the general plausibility of legal arguments. *Id.* (citation omitted).

Based on the available record, the district court did not abuse its discretion in imposing sanctions against Puccio under Rule 11. The district court specifically determined that Puccio did not make a reasonable inquiry prior to trial to ensure that he could procure evidence to support his client's positions. Since the sanctions were properly imposed under Rule 11, there is no need to consider their propriety under either 28 U.S.C. § 1927 or the inherent power of the court.

AFFIRMED.