[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11070
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:07-cv-00334-WTH-GRJ

MATTHEW TAZIO REDMON,

Plaintiff - Appellant,

versus

LAKE COUNTY SHERIFF'S OFFICE,
GARY BORDERS,
Major,
FNU MAKEY,
Lieutenant,
LAKE COUNTY SHERIFF'S FNU OFFICERS,
LAKE COUNTY SHERIFF'S OFFICE MEDICAL STAFF,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 10, 2011)

Before HULL, MARCUS, and KRAVITCH, Circuit Judges.

PER CURIAM:

Matthew Tazio Redmon appeals the district court's dismissal of his pro se 42 U.S.C. § 1983 complaint without prejudice and the district court's denial of his motions to appoint counsel. After review, we affirm.

## I. BACKGROUND

### A. Plaintiff's Amended Complaint

On August 20, 2007, Plaintiff filed the Complaint in the instant case pro se pursuant to 42 U.S.C. § 1983, a motion to proceed in forma pauperis ("IFP"), which was granted, and a motion for the appointment of counsel, which was denied. The district court directed Plaintiff to file an Amended Complaint due to several deficiencies in the original Complaint.

On April 1, 2008, Plaintiff filed an Amended Complaint pro se and IFP pursuant to 42 U.S.C. § 1983 by completing the court-issued "Civil Rights Complaint Form." In his Amended Complaint, Plaintiff named the following Defendants: (1) "Lake County Sheriff," (2) "Major Gary Borders," (3) "Lieutenant 'FNU' Mackey," (4) "Lake County Sheriff's 'LNU' Officers," and (5) "Lake County Sheriff's Office Medical Staff." Plaintiff indicated that all defendants were named in their official and individual capacities. Plaintiff listed the address

2

for all Defendants as 360 West Ruby Street, Tavares, Florida 32778.

Plaintiff alleged that: (1) Defendants refused to transport Plaintiff to court regarding his attempted murder charge, thereby denying him access to the courts, (2) between July 18, 2003 and July 22, 2004, the Lake County Sheriff's Officers denied Plaintiff's request for transfer to a detox facility for alcohol withdrawal, and the Lake County Medical Staff did not treat his alcohol withdrawal, (3) Lieutenant Mackey had Plaintiff placed in a "restraint chair" for several hours, causing lacerations on Plaintiff's wrists and ankles, and (4) the Lake County Sheriff's Officers detained him for 37 days in solitary confinement and did not allow him to use the grievance procedure.

Plaintiff alleged that Defendants' actions: (1) denied his right of access to the courts in violation of the Sixth Amendment, (2) denied his right to a grievance procedure in violation of the First Amendment, (3) denied him proper medical care in violation of his due process rights, and (4) constituted cruel and unusual punishment. Plaintiff's Amended Complaint sought "a declaration of the Defendants' guilt," compensatory and punitive damages of $2,000,000, litigation costs, and a jury trial.

On the form for his Amended Complaint Plaintiff represented, under penalty of perjury, that (1) he did not file either a formal or informal grievance in

3

connection with his allegations, although a grievance procedure existed at the jail, and (2) he was not allowed to use the grievance procedure.

The form, under "Previous Lawsuits," asked these questions:

A.    Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action <u>or otherwise relating to your imprisonment or conditions thereof</u>?

. . . .

B.    Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action <u>or otherwise relating to your imprisonment or conditions thereof</u>?

. . . .

D.    Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?  If so, identify these[] suits below by providing the case number, the style, and the disposition of each case[]."

(Second and fourth emphases added).  Thus, the complaint form clearly asked Plaintiff whether he had previously filed any lawsuits with similar facts as this action or otherwise relating to his imprisonment or the conditions of his imprisonment.

Plaintiff responded, under penalty of perjury, that (1) he had not initiated other lawsuits in federal or state court regarding the allegations in his Amended Complaint, and (2) he had not initiated any lawsuits or appeals from lawsuits in federal court that had been dismissed as frivolous, malicious or for failure to state a claim.

**B.**     **Service of Process**

On December 2, 2008, the district court ordered the U.S. Marshal to serve a copy of the Amended Complaint and summons upon "Litigation Coordinator Stella Ringwald, Lake Correctional Institute, Warden's Office, 19225 U.S. Highway 27, Clermont, FL 34715." The record includes proof of service on Stella Ringwald, Litigation Coordinator at "Lake Correctional Inst., Warden Office, 19225 U.S. Hwy 27, Clermont, FL 34715."

On December 19, 2008, Plaintiff filed a motion for clarification of the district court's service order, stating that it did not include the correct address for the Defendants. Plaintiff's motion listed the address for Defendants' attorney, Patricia T. Gross, as 360 West Ruby Street, Tavares, FL 32778. Shortly thereafter, Plaintiff filed a second motion for the appointment of counsel.

**C.**     **Defendant Borders' Motion to Dismiss**

On June 10, 2009, Defendant Gary Borders, in his capacity as Sheriff of Lake County, Florida, filed a motion to dismiss the case against all Defendants for lack of personal jurisdiction due to insufficient service of process. Defendant Borders stated that the U.S. Marshal's Office had purported to serve process on Defendants by delivering documents to Stella Ringwald at the Lake Correctional Institution, over which neither Defendant Borders nor any of his employees has

any control or discretion. Defendant Borders also argued that Stella Ringwald is not authorized to accept service of process for any of the named Defendants. Defendant Borders attached a personal affidavit in which he attested that neither he nor his employees has control over the Lake Correctional Institution, that Ringwald is not authorized to accept service on behalf of the Defendants, and that Defendant Borders himself has not been served with process.

Plaintiff responded by filing a motion to strike Borders's motion to dismiss, arguing that, because Plaintiff was granted IFP status, the court was responsible for ordering service of process pursuant to Federal Rule of Civil Procedure 4.

**D.    District Court's Show Cause Order Regarding Prior Lawsuits**

On July 9, 2009, the district court issued an order denying Plaintiff's second motion for appointment of counsel and directing Plaintiff to show cause why the case should not be dismissed for abuse of judicial process. The district court stated that, in his Amended Complaint, Plaintiff had failed to disclose previous lawsuits he filed in federal court while he was a prisoner. As an example, the district court cited a case filed in the District of Colorado by Plaintiff while he was a prisoner. The district court concluded that this omission constituted an abuse of the judicial process, the appropriate sanction for which is dismissal of the Amended Complaint.

Plaintiff filed a response to the district court's order, conceding that he had filed a previous lawsuit in the United States District Court for the District of Colorado and attaching updated pages of the complaint form to reflect the information regarding the Colorado suit. Plaintiff indicated that the Colorado suit involved overcrowding in a Colorado jail during the time that Plaintiff was held there in 2007. According to Plaintiff, that lawsuit was dismissed for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

Plaintiff's response further contended that he originally misunderstood the requirements of the complaint form as requesting only information about previous lawsuits that involved the same facts as the instant suit. Plaintiff stated that other than the instant suit, he has filed no other actions in relation to his imprisonment in Florida. He also argued that he filed the lawsuit in Colorado after he filed his initial Complaint in the instant case, but prior to the filing of the Amended Complaint. Plaintiff moved for leave to amend or supplement his Amended Complaint to reflect the information regarding the Colorado lawsuit and attached updated pages of the complaint form, which included the requested information about his Colorado lawsuit.[1]

---

[1]On September 21, 2009, Plaintiff also filed a "Motion to Revisit Plaintiff's Motion to Appoint Counsel" in connection with the district court's denial of his second motion for the appointment of counsel, arguing that the factual and legal complexity of the case, Plaintiff's

**E.      District Court's Dismissal Order**

On February 12, 2010, the district court granted Defendants' motion to dismiss and dismissed Plaintiff's Amended Complaint without prejudice. The district court based its dismissal on a number of grounds, the first being lack of personal jurisdiction under Rule 12(b)(5) on the grounds that there was no proper service as to the Defendants.[2] The district court also noted that 28 U.S.C. § 1915, which governs proceedings IFP, allows a court to dismiss a case at any time if the court determines that the allegation of poverty is untrue, if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or if the action seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The district court concluded that Plaintiff had "abuse[d] . . . the judicial process" by failing to disclose his previous civil actions as directed on

current incarceration in Colorado, and Plaintiff's inability to conduct discovery supported granting counsel. The district court subsequently denied this motion as part of its order dismissing Plaintiff's Amended Complaint and terminating all pending motions.

[2]Prior to the district court's order dismissing Plaintiff's case, Plaintiff filed an additional "Motion to Amend or Supplement the Complaint" with a proposed Second Amended Complaint attached. The district court never addressed this motion or his previous motion to amend the complaint filed with his response to the district court's order to show cause, other than to direct that all pending motions be terminated in its order dismissing the case. There is no evidence that Plaintiff obtained Defendants' written consent or the court's leave to file a Second Amended Complaint prior to the district court's dismissal of the case, and the district court's order addressed only the Amended Complaint. See Fed. R. Civ. P. 15(a)(2)(after amending a pleading once under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave").

8

the complaint form and that the proper sanction for his abuse of process is to dismiss the case without prejudice.

In the same order, the district court noted several other grounds for the dismissal of Plaintiff's Amended Complaint, including (1) to the extent Plaintiff was suing "John and Jane Does," such a practice is not allowed in federal court; (2) Plaintiff's summary allegations that there was no grievance process at the jail were insufficient to satisfy the exhaustion requirement under § 1997e; and (3) Plaintiff had failed to address any factors to warrant the issuance of an injunction.[3]

The district court ordered that the case be dismissed without prejudice, and that the district court clerk terminate "all pending motions."

## II.  DISCUSSION

### A.    Dismissal of Amended Complaint

On appeal, Plaintiff raises a number of arguments.  Because we conclude that the district court did not abuse its discretion in dismissing the complaint based on Plaintiff's misrepresentation of his litigation history, we affirm on that ground and need not reach Plaintiff's additional arguments.

We conclude that the district court did not abuse its discretion in dismissing

---

[3]Plaintiff did not seek an injunction in his Amended Complaint, although he had requested one in his original complaint.

Plaintiff's Amended Complaint for abuse of judicial process.[4]  Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal."  Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997).  In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions.  Fed. R. Civ. P. 11(c).  Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).

After review of the record and consideration of Plaintiff's brief, we find no abuse of discretion.  Plaintiff failed to disclose the lawsuit he filed in Colorado district court, in which he brought claims relating to the conditions of his imprisonment in a Colorado jail and which he filed prior to the Amended Complaint.  The district court afforded him the opportunity to show cause why his Amended Complaint should not be dismissed on the basis of his failure to disclose the Colorado lawsuit, which he did by explaining that he did not understand the

---

[4]We review the district court's imposition of sanctions pursuant to 28 U.S.C. § 1915 for abuse of discretion.  Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997). We also are mindful that pro se pleadings are to be liberally construed.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

complaint form. The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit–that he misunderstood the form–did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction. The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment. The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so.

## B.    Denial of Motion to Appoint Counsel

Plaintiff also appeals the district court's denial of his two motions for the appointment of counsel and its failure to rule on Plaintiff's "Motion to Revisit" his second motion for appointment of counsel.[5] "A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). "A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff." Id. "The district court has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citations omitted). Such exceptional circumstances exist

_____

[5]We review a district court's decision not to appoint counsel for abuse of discretion. Smith v. Sch. Bd. of Orange Cty., 487 F.3d 1361, 1365 (11th Cir. 2007).

"where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).

We conclude that the district court did not abuse its discretion in denying Plaintiff's motions for the appointment of counsel, as there are no exceptional circumstances justifying appointment of counsel in this case. Moreover, the orders denying Plaintiff's motions for appointment of counsel were all entered by the magistrate judge. The version of Federal Rule of Civil Procedure 72 applicable at the time Plaintiff's two motions to appoint counsel were denied provided that, with respect to nondispositive orders issued by magistrate judges, "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." Fed. R. Civ. P. 72(a).[6]

Because Plaintiff failed to file timely objections to the magistrate judge's nondispositive orders denying appointment of counsel, he has waived his right to appeal those orders in this Court. See Smith v. Sch. Bd. of Orange Cty., 487 F.3d

---

[6]Federal Rule of Civil Procedure 72 has since been amended, effective December 1, 2009, to allow 14 days for the filing of objections to a magistrate judge's nondispositive order. See Fed. R. Civ. P. advisory committee's note, 2009 amendments.

1361, 1365 (11th Cir. 2007). Even if we construe Plaintiff's "Motion to Revisit Plaintiff's Motion to Appoint Counsel" as an objection to the magistrate judge's order denying Plaintiff's second motion for appointment of counsel, this objection was untimely under Rule 72(a)'s 10-day limitation period for filing such objections, as it was filed over two months after the magistrate judge's order. Thus, Plaintiff has waived the district court's denial of counsel for purposes of this appeal. See Fed. R. Civ. P. 72(a); Smith, 487 F.3d at 1365. In any event, Plaintiff has not shown that there are exceptional circumstances in this case which merit the appointment of counsel.

## III. CONCLUSION

For the reasons given above, we affirm the district court's order dismissing Plaintiff's Amended Complaint without prejudice and the district court's denial of Plaintiff's motions for the appointment of counsel.

**AFFIRMED.**