[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14445
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00247-LC-CJK


TERRY EUGENE SEARS,

Plaintiff - Appellant,

versus

JENNIFER A. HAAS,
Asst. Warden,
J. F. KOLODZIEJ,
Major,
R. LEE,
Captain,
A. WILLIAMS,
P. J. GERMAIN,
Lieutenant, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 19, 2013)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Terry Sears, a Florida inmate proceeding *pro se*, appeals the district court's *sua sponte* dismissal without prejudice of his 42 U.S.C. § 1983 action for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1).  After review, we affirm.

Sears filed suit against 15 officers of the Santa Rosa Correctional Institute using a civil rights complaint form.  That form directed him to disclose all state and federal court actions he had filed related to the conditions of his confinement and any federal actions that had been dismissed prior to service.  Further, the form warned, "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE," and it emphasized that, even if Sears was unsure of any prior cases he had filed, he was also required to disclose that fact.

Sears listed several cases.  And he swore under penalty of perjury that the statements in the complaint were true.  But a magistrate judge found Sears had failed to disclose a case he had filed five months earlier against Santa Rosa officials.  And he had also failed to disclose a 2006 case that had been dismissed prior to service for failure to state a claim.  The magistrate judge therefore recommended that Sears's complaint be dismissed without prejudice as malicious for abuse of the judicial process.  Sears objected that his omissions were

2

inadvertent.  But the district court overruled those objections, adopted the magistrate's recommendation, and dismissed Sears's case.[1]  This is Sears's appeal.

The district court did not err in dismissing Sears's complaint.  District courts must review all civil claims filed by prisoners against government entities or officers before or soon after docketing to determine whether they are frivolous, malicious, fail to state a claim, or seek damages from an immune defendant.  28 U.S.C. § 1915A(a), (b).   In the analogous context of the dismissal of a suit as malicious under § 1915(e)(2)(B)(i), we have explained that failure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal.  *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *see also Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (observing that lying under penalty of perjury is the kind of abuse of process that warrants dismissal), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Sears conceded he failed to comply with the court's procedural rules about disclosing cases he previously had filed.  And on appeal, he argues only that his case has merit.  That gives us no basis upon which to conclude the district court

---

[1] Sears contends he should have been permitted to refile.  But his case was dismissed without prejudice, so he may.

3

was wrong to dismiss his case without prejudice for failure to comply with

reasonable and clearly articulated requirements for *pro se* civil rights complaints.

**AFFIRMED**.