[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11045
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00008-MTT-CHW

ALLEN ALPHONZO ADAMS,

Plaintiff-Appellant,

versus

HALE BURNSIDE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 12, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Allen Alphonzo Adams, a state prisoner proceeding *pro se*, appeals the

district court's dismissal of his claim under 42 U.S.C. § 1983 against Dr. Hale

Burnside for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  In dismissing Adams's complaint, the district court determined that he had abused the judicial process by failing to disclose numerous previous lawsuits on the court's standard complaint form, and that, in the alternative, he failed to state a claim of deliberate indifference.  On appeal, Adams argues that his complaint stated a claim for relief because he alleged that Dr. Hale Burnside did not refer him to a specialist to perform surgery for an injury to his rotator cuff; did not prescribe special soap and lotion for an AIDS-related skin condition; did not prescribe a 3,000 calorie, high-fiber diet; and did not ensure that he received hot meals.  Adams also contends that he was denied his Sixth Amendment right to appointed counsel in this case.  He does not address the district court's conclusion that he abused the judicial process by failing to disclose prior lawsuits.

Upon a thorough review of the record, and after consideration of the parties' briefs, we affirm.

We review the district court's denial of appointed counsel and imposition of sanctions pursuant to 28 U.S.C. § 1915 for abuse of discretion.  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997).  Although we liberally construe *pro se* pleadings, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d

2

870, 874 (11th Cir. 2008).  Under § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood*, 105 F.3d at 613.

The district court did not abuse its discretion in denying Adams's motion for appointment of counsel.  Because this is a civil case, Adams "has no constitutional right to counsel" under the Sixth Amendment. *Bass*, 170 F.3d at 1320.  Moreover, his deliberate indifference claim does not involve legal or factual issues that are "so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).  Furthermore, because Adams has offered no argument challenging the district court's dismissal of his complaint for abuse of the judicial process, he has abandoned this issue.  Thus, we affirm both the denial of appointed counsel and the dismissal of Adams's complaint for abuse of the judicial process.

**AFFIRMED.**