[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13861
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-00176-CG-C


JOSEPH JOHNSON COLE,

Plaintiff-Appellant,

versus

ASHLEY MOONEY RICH,
JOJO SCHWARZAUER,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 14, 2015)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Joseph Johnson Cole, proceeding in forma pauperis and through appointed counsel, appeals the dismissal of his 42 U.S.C. § 1983 complaint.  The district court sua sponte dismissed Cole's complaint with prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  After review, we vacate the district court's order dismissing Cole's complaint with prejudice and remand with instructions to dismiss the complaint without prejudice.

## I.  BACKGROUND

### A.    Lawsuit Filed April 17, 2014

On April 17, 2014, Cole, a pretrial detainee in the Mobile County Metro Jail in Alabama, filed pro se a § 1983 complaint against Ashley Rich, the prosecutor in his criminal proceeding, and JoJo Schwarzauer, the Circuit Clerk of Mobile County.  Cole used the district court form for § 1983 complaints.

Plaintiff Cole alleged that he was arrested pursuant to a warrant on March 11, 2014, and that he was not brought before a judge within 72 hours for an initial appearance, as required by Alabama Rule of Criminal Procedure 4.3(b)(2), in violation of his due process rights.  Cole requested that the district court order (1) his release from custody and (2) the dismissal of the state court criminal charge against him.  Cole also requested leave to proceed in forma pauperis.

On July 22, 2014, the magistrate judge issued a report ("R&R"), recommending that Cole's complaint be dismissed with prejudice, prior to service

2

of process, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[1]  The magistrate judge found, as an initial matter, that Cole's complaint was due to be <u>dismissed without prejudice</u> as "malicious" based on Cole's failure to disclose at least one prior federal lawsuit concerning his confinement conditions.  Cole indicated on his form § 1983 complaint, signed under penalty of perjury, that he had filed no prior lawsuits relating to his imprisonment.  That form complaint asks two questions about prior lawsuits, which are: (1) "Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action[?]" and (2) "Have you filed other lawsuits in state or federal court relating to your imprisonment[?]"  The magistrate judge determined that, in 2004, Cole filed a § 1983 suit concerning conditions at the Mobile County Metro Jail that was dismissed as frivolous.  The magistrate judge concluded that Cole's "egregious and knowing" attempt to mislead the court by failing to disclose this prior lawsuit was an abuse of process and worthy of sanction.

Even if Cole had disclosed his prior litigation history, the magistrate judge found that Cole's § 1983 complaint should be dismissed <u>with prejudice</u> as frivolous because the two named defendants—the prosecutor and court clerk— were protected by either absolute immunity or absolute quasi-judicial immunity.

---

[1]Under the Prison Litigation Reform Act, the district court must dismiss an <u>in forma pauperis</u> action at any time if it determines that the action "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).

Thus, the magistrate judge recommended dismissing <u>with prejudice</u> under § 1915(e)(2)(B)(i). The magistrate judge treated Cole's § 1983 complaint as seeking money damages. As discussed later, Cole's § 1983 complaint sought only injunctive relief in the form of dismissal of the criminal charge against him and release from custody.

**B.    Cole's Motion to Amend and Objections to R&R**

Before the district court ruled, Cole <u>pro se</u> filed a motion to amend his complaint, objecting to its dismissal. Cole claimed that he mistakenly failed to disclose his prior federal lawsuit. Cole indicated that he misunderstood the § 1983 form complaint's questions about his prior litigation history and stressed that he had never before sued a court clerk or prosecutor, which is why he answered "No."

On August 7, 2014, the district court adopted the R&R as its opinion and dismissed Cole's § 1983 complaint with prejudice, pursuant to § 1915(e)(2)(B)(i). The district court concluded that, although Cole wished to amend his complaint to list his prior lawsuit, his objections did not address the question of the defendants' immunity. The district court also treated Cole's § 1983 complaint as a suit for money damages and denied Cole's motion to amend as "futile" based on the defendants' immunity.

Cole timely appealed. On January 14, 2015, a judge of this Court granted Cole leave to proceed <u>in forma pauperis</u> and appointed him counsel.

4

## II. Appointed Counsel's Motion to Withdraw on Appeal

On February 26, 2015, appointed counsel moved to withdraw, pointing out that, on June 9, 2014, Cole pled guilty to the state criminal charge at issue, first-degree robbery. As a result, Cole was convicted and sentenced to 20 years' imprisonment, with five years to serve. Cole also was convicted on a charge of third-degree robbery, and the sentence for that conviction was ordered to serve concurrently with the sentence for first-degree robbery.

Appointed counsel argued that Cole's appeal was therefore frivolous on grounds that (1) Cole's attempt to seek release through a § 1983 action, instead of through a writ of habeas corpus, conflicts with Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973), and (2) his claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Cole opposed the motion to withdraw, indicating that he desired leave to amend his complaint and pointing out that he sought injunctive relief, not money damages.

On April 22, 2015, a judge of this Court denied appointed counsel's motion to withdraw. Appointed counsel then filed a merits brief. The main argument in that merits brief is that, under Federal Rule of Civil Procedure 15(a), the district

court should not have dismissed Cole's § 1983 complaint with prejudice without allowing him the opportunity to amend.[2]

## III.  DISCUSSION

### A.    Rule 15(a) Motions to Amend

Pursuant to Rule 15(a), a party may amend its pleading as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)-(B).  Prisoners are afforded "the same benefit of Rule 15(a) as any other litigant."  Brown v. Johnson, 387 F.3d 1344, 1348 (11th Cir. 2004).  In Brown, this Court held that the district court abused its discretion in denying the prisoner-plaintiff's motion to amend because the plaintiff filed the motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed.  Id. at 1349; see also Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1292 & n.6 (11th Cir. 2007) (holding district court erred in denying plaintiff's motion to amend, filed after court clerk refused to file plaintiff's first amended complaint, based on finding that claims were futile).

### B.    District Court's Immunity Ruling—Dismissal with Prejudice

The first problem in deciding this appeal is that both the magistrate judge and district court erred in focusing on the immunity of the defendants at the time of

---

[2]We review both a district court's sua sponte dismissal for frivolity under § 1915(e)(2)(B)(i) and its denial of a motion to amend a complaint for abuse of discretion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003); Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

dismissal.  Cole's complaint, however, does not seek money damages but instead seeks injunctive relief in the form of dismissal of the pending, new criminal charge and release from custody on that charge.  The immunity defense relied on by the district court does not apply to Cole's particular claims for injunctive relief.  See Tarter v. Hury, 646 F.2d 1010, 1012-13 (5th Cir. Unit A June 1981) (holding that, as to claims for injunctive relief, prosecutors do not enjoy absolute immunity and court clerks enjoy no immunity whatsoever).[3]  The district court thus erred in dismissing Cole's injunction-relief complaint with prejudice based on that immunity defense.

## C.    Sanctions Dismissal without Prejudice

Although the district court ultimately dismissed Cole's complaint with prejudice on the ground that it was frivolous due to the defendants' immunity, the district court adopted as its opinion the R&R, which found that dismissal without prejudice was also warranted because Cole's current complaint was malicious as an abuse of the judicial process due to Cole's failure to disclose a prior federal lawsuit.  While we have not expressly addressed the interaction of a timely Rule 15(a) motion to amend before an answer and a sanctions dismissal based on failure to disclose a prior lawsuit, permitting Cole to amend his complaint arguably would have circumvented the district court's ability to manage its docket by sanctioning

---

[3]This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Cole's failure to disclose his prior lawsuit history.  See Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (concluding district court properly dismissed a complaint and imposed sanctions under § 1915 where plaintiff had a history of bad faith litigiousness and deceit); In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006) (holding federal court has inherent power, derived from its need to manage the orderly and expeditious disposition of its cases, to sanction parties upon a finding of bad faith).

The complicating problem though is Cole's motion to amend, which sought to add his prior lawsuit, asserted that he misunderstood the § 1983 form complaint's question concerning his prior litigation history.  As noted above, that question asks, "Have you filed other lawsuits in state or federal court relating to your imprisonment[?]"  It is not abundantly clear whether the question refers to Cole's current imprisonment in 2014 or any and all imprisonments in the past. Cole's prior undisclosed lawsuit that was dismissed as frivolous concerned his imprisonment ten years ago in 2004.

Ultimately, we need not decide whether the sanction was appropriate because Cole has pled guilty to the criminal charge at issue, has been sentenced, and thus, no matter what, is not entitled to the injunctive relief requested in this § 1983 case.

8

We recognize that Cole continues to claim he did not have a timely initial appearance hearing back in March to April 2014 regarding the criminal charge against him.  Because Cole has now pled guilty to that charge, any such claim would be waived by his guilty plea or, if not waived, must be raised on direct appeal in the criminal case.  Further, to the extent that Cole would seek damages in an amended complaint for such an alleged violation, his claim is Heck-barred.  See Heck, 512 U.S. at 486-87, 114 S. Ct. at 2372.

Accordingly, in light of Cole's final conviction and sentencing on the criminal charge at issue, we vacate the district court's order dismissing Cole's complaint with prejudice and remand with instructions to dismiss the complaint without prejudice.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

9