[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15637
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-00182-RH-CAS

LARRY M. WYNN,

Plaintiff-Appellant,

versus

POSTAL SERVICE,
COURT CLERK,
PRISON AUTHORITIES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 24, 2018)

Before JORDAN, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Larry Wynn, a prisoner proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 action.  He raises two issues.  First, Wynn contends the district court abused its discretion in dismissing his complaint for abuse of judicial process because the cases he failed to list on the complaint form did not fall within the scope of the disclosure requirements.  Second, Wynn asserts the failure to deliver his mail alleged in his complaint is sufficient to show a reckless and callous indifference to his rights and, therefore, sufficient to state a claim under § 1983. After review,[1] we affirm.

The district court did not abuse its discretion in dismissing Wynn's complaint for abuse of judicial process because he repeatedly refused to accurately disclose his prior litigation history.  Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997).  In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions.  Fed. R. Civ. P. 11(c)(3).  Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a

---

[1] We review the district court's imposition of sanctions pursuant to 28 U.S.C. § 1915 for abuse of discretion.  *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997).  We review dismissal for failure to state a claim de novo, applying the same standard as the district court.  *Redland Co., Inc. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009).

2

plaintiff's pro se status will not excuse mistakes regarding procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Notably, Wynn had multiple opportunities to amend his disclosures. The magistrate judge issued a report and recommendation ("R&R"), requiring Wynn to file an amended complaint because his allegations regarding his prior litigation history were seemingly false. The magistrate judge further advised Wynn that failing to accurately disclose his prior litigation history would result in dismissal of the suit. Over Wynn's objections, the district court adopted the R&R. Wynn was directed two additional times to file an amended complaint and to show good cause why his case should not be dismissed for failing to honestly disclose his prior cases in the initial complaint. And each time, Wynn was warned that failure to comply would result in a recommendation to dismiss the case. Wynn did not amend his complaint. The magistrate judge then issued an R&R recommending dismissal of the suit for abuse of judicial process, which the district court adopted.

On appeal, Wynn asserts that none of his prior cases fall within the scope of the complaint form's disclosure requirements. We disagree and, to illustrate our disagreement, will discuss one case Wynn failed to disclose. In 1999, Wynn filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida. That suit falls squarely within the complaint form's disclosure requirements. The complaint form

requires prisoners to list all other actions filed in federal court which either challenge a conviction or otherwise relate to the conditions of confinement.  A § 2254 habeas petition is a challenge to a conviction.  Therefore, Wynn's argument that this petition—which he was given multiple opportunities to disclose—falls outside the scope of the complaint form's disclosure requirements, is without merit.  The district court did not abuse its discretion in dismissing Wynn's complaint for abuse of judicial process.

Alternatively, the district court correctly concluded that Wynn's complaint failed to state a claim.  To prevail on a civil rights action under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law.  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  But a state official's mere negligent conduct, even if it causes injury, does not constitute an actionable deprivation under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Here, Wynn's complaint alleges that one of the defendants failed to deliver his mail.  As the district court correctly noted, that allegation meaningfully differs from an allegation that one of the defendants intended to cause Wynn harm or was recklessly or deliberately indifferent towards the delivery of his mail.  Although the district court told Wynn that his complaint needed to allege more than negligence and gave him multiple opportunities to amend, Wynn never did.

Because Wynn's allegation, taken as true and liberally construed, alleges only negligence, his complaint fails to state a claim for which relief can be granted under § 1983. *Daniels*, 474 U.S. at 328. Accordingly, the district court did not err in dismissing Wynn's complaint for failure to state a claim.

**AFFIRMED.**