[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15126
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00420-WTH-PRL

BOBBY LEE INGRAM,

Plaintiff - Appellant,

versus

WARDEN,
M. MILLER,
Counselor,
W. WHITE,
DHO Officer,
LT. FNU KACKENMEISTER,
Lieutenant,
D. SMITH,
Compound Officer,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 27, 2018)

Before TJOFLAT, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Bobby Lee Ingram, proceeding *pro se*, appeals the District Court's decision dismissing his complaint without prejudice and imposing a "strike" against him under 28 U.S.C. § 1915(g) because he misrepresented in his complaint that he had not filed prior lawsuits relating to his conditions of imprisonment.  Ingram concedes that he made a misrepresentation regarding his previous lawsuits.  He contends, however, that this misrepresentation arose not from bad faith or an attempt to manipulate the court, but from his misunderstanding of the complaint form.  We affirm the District Court's decision.

We review the imposition of sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1915(e) for an abuse of discretion.  *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997).  A district court must dismiss an *in forma pauperis* action if it is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).[1]  And the district court may impose sanctions if a party knowingly files a pleading that contains false contentions.  Fed. R. Civ. P. 11(c)(1).

Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by an attorney, the *pro se* status does not excuse mistakes

---

[1] Once a prisoner has filed three or more actions or appeals that were dismissed as frivolous or malicious, the prisoner may not bring another civil action *in forma pauperis*, absent a showing of imminent danger or serious physical injury.  28 U.S.C. § 1915(g).

regarding procedural rules. *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993). When a *pro se* litigant submits a pleading to a district court, he represents that the factual statements in the pleading have an evidentiary basis. Fed. R. Civ. P. 11(b). It is an abuse of judicial process to make a misrepresentation regarding the existence of a prior lawsuit. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007).

In this case, the complaint form which Ingram filled out asked a series of questions about his previous litigation. It first asked: "To the best of your knowledge, have you had a case dismissed based on th[e] 'three strikes rule'?" It then inquired: "Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?" Lastly, the form asked: "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" Ingram answered each question in the negative. But the District Court found that Ingram previously filed a lawsuit related to his conditions of imprisonment. Ingram admitted that his response to the third question was false.

Ingram contends, however, that the person who helped him prepare the complaint asked him only whether he had filed a lawsuit involving the same facts at issue in the present action. He claims he therefore misunderstood the question. But Ingram had the ultimate responsibility to ensure that his complaint contained

3

accurate representations.  *See* Fed. R. Civ. P. 11(b).  The alleged misunderstanding between himself and the person who helped him does not alleviate him of that responsibility.  The District Court therefore did not abuse its discretion in dismissing his complaint without prejudice and imposing a strike against him under 28 U.S.C. § 1915(g).[2]

   **AFFIRMED.**

---

[2] We note that Ingram may refile his action and has more than two years to do so under the applicable four-year statute of limitations.  *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) ("[A] plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act.").