[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11599

Non-Argument Calendar

_____

TONY ANTHONY FAIR,

                                                    Plaintiff-Appellant,

*versus*

DEPUTY LESLIE GAITER,
Richmond County Sheriffs Department,
DEPUTY MCMURTRY,
Richmond County Sheriffs Department,
ASSISTANT D.A. TIMOTHY O'BRIEN,
KELLY WILLIAMSON,
Public Defender,
ERIKA PAGE REESE, et al.,

2                    Opinion of the Court                    20-11599

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:19-cv-00212-JRH-BKE

_____

Before LUCK, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Tony Anthony Fair, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his civil lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)(b) as a sanction for his failure to honestly disclose his prior filing history. He argues that the district court erred because he properly stated a claim that his vehicle and other property were wrongfully confiscated during his 2018 arrest, constituting felony theft under Georgia law.

We review § 1915 dismissals as a sanction for abuse of the judicial process under an abuse-of-discretion standard. *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997).

A dismissal without prejudice is not usually an abuse of discretion because parties can just re-file their complaints. *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983). Dismissal with prejudice is justified if "the plaintiff engaged in bad faith litigiousness or manipulative tactics," such as lying about their

indigency or otherwise abusing the judicial process. *Attwood*, 105 F.3d at 613. We have held that dismissal of a prisoner plaintiff's suit for lying under oath about the existence of a prior lawsuit counts as a "strike" under the Prison Litigation Reform Act. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *partially vacated on other grounds*, *Jones v. Bock*, 549 U.S. 199, 216 (2007).

An appellant abandons a claim on appeal, such that we need not review the claim, when: (1) he makes only passing references to it; (2) he raises it in a perfunctory manner without supporting arguments and authority; (3) he refers to it only in the "statement of the case" or "summary of the argument"; or (4) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014).

We affirm the district court's ruling because Fair abandoned his challenges by failing to discuss any of the district court's reasons for dismissal in his brief on appeal. Even if Fair had properly preserved his challenges, however, the district court did not abuse its discretion in determining that he deliberately misrepresented his filing history by failing to list prior federal lawsuits that he had filed, an action warranting dismissal without prejudice as a sanction.

**AFFIRMED.**