[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12651

Non-Argument Calendar

_____

JAMES LEE BALLARD,

Plaintiff-Appellant,

*versus*

JOHN LYON BROLING,
Assistant Regional Counselor,
CANDACE KAYE BROWER,
Regional Counselor,
DAVID KREIDER,
Alachua County Judge,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:22-cv-00104-AW-MJF

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

State pretrial detainee James Lee Ballard, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. After review, we affirm.

## I.    BACKGROUND

On May 10, 2022, Ballard sued Defendant-Appellees John Lyon Broling, Candace Kaye Brower, and Judge David Kreider for violating his constitutional rights under § 1983. Broling was Ballard's appointed counsel in his criminal prosecution, Brower was regional defense counsel, and Judge Kreider was the presiding state judge. Ballard alleged that Broling retaliated against Ballard, resulting in malicious prosecution, and Brower and Judge Kreider knowingly enabled Broling's actions, participating in a conspiracy to violate Ballard's constitutional rights. Ballard also moved to proceed in forma pauperis. A magistrate judge reviewed the complaint under 28 U.S.C. § 1915 and issued a report and recommendation (R&R).

The magistrate judge concluded that Ballard's complaint should be dismissed 1) on *Younger*[1] abstention grounds; 2) under § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief may be granted because the claims seek monetary damages against defendants who are immune from such relief; and 3) for abuse of the judicial process for Ballard's failure to disclose his litigation history on his complaint form.  The district court dismissed Ballard's complaint without prejudice for abuse of the judicial process, adopting the R&R to the extent it was consistent with the order.  The district court did not reach a decision on the merits for the first two issues.  Ballard timely appealed.

## II.    DISCUSSION

We review sanctions imposed pursuant to § 1915 under an abuse of discretion standard.  *See Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam).  Although pro se pleadings may be liberally construed, a plaintiff's pro se status does not excuse mistakes regarding procedural rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  A dismissal without prejudice will generally not be held as an abuse of discretion because the affected party retains the opportunity to refile.  *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam).

---

[1] Federal courts will not enjoin pending state criminal prosecutions except under extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 41 (1971).

The district court did not abuse its discretion in dismissing Ballard's claim without prejudice.  Ballard used a complaint form, and under "Prior Litigation," it asked the following question:

> B.    Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

In response to this question, Ballard replied "no," stating "[t]his is the same criminal case but separate issues and defendants."

Contrary to Ballard's response, the R&R noted that since January 4, 2022, Ballard had filed six civil rights lawsuits in the Northern District of Florida, each with issues and facts that overlapped with this case.  Regardless of whether his response to the question was knowing or intentional, Ballard failed to accurately disclose his other litigation—and failed to do so under oath.  The district court was entitled to find this failure an abuse of the judicial process.  Furthermore, because the district court dismissed Ballard's complaint without prejudice, the dismissal was not an abuse of discretion.  *See Dynes*, 720 F.2d at 1499.

### III.    CONCLUSION

The district court did not abuse its discretion in dismissing Ballard's complaint without prejudice.

**AFFIRMED.**