[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
07/14/99
THOMAS K. KAHN
CLERK

No. 98-9011

D. C. Docket No. 5:97-CV-78-3(HL)

SIERRA CLUB, a public-interest corporation,

Plaintiff-Appellant,

versus

GEORGIA POWER COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Georgia

**(July 14, 1999)**

Before MARCUS, Circuit Judge, HILL, Senior Circuit Judge, and FERGUSON*,
District Judge.

_____
*Honorable Wilkie D. Ferguson, Jr., U. S. District Judge for the Southern District of Florida,
sitting by designation.

PER CURIAM:

This is an interlocutory appeal from the district court's denial of Appellant Sierra Club's motion for a preliminary injunction pursuant to 28 U.S.C. § 1292(a). The preliminary injunction would have directed the Georgia Power Company (Georgia Power) to comply with the pollutant discharge limits of its National Pollutant Discharge Elimination System permit (the permit) issued by the Environmental Protection Agency.

Under the permit, Georgia Power is authorized to discharge heated wastewater from its coal-fired electricity generation facility (the plant) into Lake Sinclair near Milledgeville, Georgia, subject to the numerical temperature limits of "90 degrees Fahrenheit or 5 degrees above intake temperature." Sierra Club contends that Georgia Power can achieve this heat limit by reducing the amount of power generated at the plant. Georgia Power contends that it cannot do so without, contrary to the public interest, impacting upon the level of power generated throughout its entire electrical system.

Following the presentation of evidence and argument at hearing, the district court agreed with Georgia Power. It concluded that the potential harm to the general public from a reduction of electrical power or thermal loading into the lake, outweighed the potential injury to lakeside residents if the plant continued to operate

at its current output *pendente lite*. Accordingly, the district court denied Sierra Club's motion for a preliminary injunction.

The grant or denial of a preliminary injunction is a decision within the sound discretion of the district court. *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)(citation omitted). On appeal from the grant or denial of a preliminary injunction, we do not review the intrinsic merits of the case. *Id.* "It is the function of the trial court to exercise its discretion in deciding upon and delicately balancing the equities of the parties involved." *Id., citing Tatum v. Blackstock,* 319 F.2d 397, 401-02 (5th Cir. 1963). A preliminary injunction is a "drastic" remedy, and we will disturb the denial of a preliminary injunction only if the district court abused its discretion. *Crochet v. Housing Authority of Tampa,* 37 F.3d 607, 610 (11th Cir. 1994) *citing Café 207, Inc. v. St. Johns County,* 989 F.2d 1136, 1137 (11th Cir. 1993).

There is adequate evidence in the record to support the district court's ruling that the grant of a preliminary injunction would be adverse to the public interest. *See Lambert*, 695 F.2d at 539. It is apparent from the record that the only way to reduce thermal loading to the lake (during the summer of 1998, when meteorological conditions throughout the southeastern United States were much warmer than normal) would have been substantially to reduce or eliminate electrical generation, to the great disadvantage of the general public. Further evidence reflects that fish kills resulting

from warm lake temperatures were temporary, not significant, and limited to a small percentage of the lake. Expert testimony concluded that the loss of fish "should not hurt the health of the lake in general" and that in the thirty years of plant operation, fish kills occurred in only six of those years, and then generally only during summer heat waves of extreme temperature. In order to meet Sierra Club's demands, the plant would have to be shut down during extremely hot days, when demand for power is greatest.

We do not review the intrinsic merits of the case. *Lambert*, 695 F.2d at 539. It is the function of the district court to exercise its discretion and delicately to balance the equities of the parties involved. *Id.* The district court was correct in concluding that a steady supply of electricity during the summer months, especially in the form of air conditioning to the elderly, hospitals and day care centers, is critical.[1]

Under these circumstances, we certainly cannot state that the district court abused its discretion in declining to issue a preliminary injunction. We affirm the judgment of the district court.

AFFIRMED.

---

[1] A plan has for some time been proposed by Georgia Power to build a forty million dollar cooling tower to prevent the risk of future violations. This proposed relief is under review by national and state administrative agencies.