[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2006
THOMAS K. KAHN
CLERK

No. 05-15641
Non-Argument Calendar

_____

D. C. Docket No. 05-00112-CV-4-RH-WCS

DANNY E. MCDANIEL,

Plaintiff-Appellant,

versus

JAMES MCDONOUGH,
FLORIDA DEPARTMENT OF CORRECTIONS,
ROBERT S. ROGERS,
FELICIA NOBLES,
LT. GASKELL, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 23, 2006)

Before ANDERSON, CARNES  and PRYOR , Circuit Judges.

PER CURIAM:

Danny E. McDaniel ("McDaniel"), a Florida prisoner proceeding pro se and in forma pauperis, appeals the district court's: (1) dismissal of his civil rights suit for failure to exhaust administrative remedies, under 42 U.S.C. § 1997e, and for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(b)(ii); and (2) denial of his motions for injunctive relief. McDaniel, a Native American, alleged that the defendants, various prison officials and the secretary of the Florida Department of Corrections ("FDOC"), violated his civil and constitutional rights by depriving him of his medicine bag and forcing him to shave his head, and he sought to enjoin the defendants from further violating his rights.

On appeal, McDaniel argues that the defendants deprived him of the "availability of the grievance process," as the warden and the secretary of the FDOC refused to review his allegations and did not respond to the issues he presented. Moreover, he asserts that he satisfied the exhaustion requirement by submitting grievances presenting "relevant factual circumstances giving rise to potential claim[s]," which he alleges provided sufficient notice to the prison of his potential claims and fulfilled the "basic purposes" of the exhaustion requirements.

We review de novo a district court's dismissal of a prisoner's action for failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a). Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000). Pursuant to

2

§ 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  A civil action with respect to "prison conditions" means "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison."  18 U.S.C. § 3626(g)(2); Higginbottom, 223 F.3d at 1260.

The FDOC provides a three-step grievance procedure.  See Chandler v. Crosby, 379 F.3d 1278, 1287-88 (11th Cir.2004); Fla. Admin. Code Ann. § 33-103.005-.007.  However, emergency grievances and grievances of a sensitive nature may be filed directly with the warden's office or with the secretary of the DOC.  Id. § 33-103.006(3)(a), (3)(d).  If an emergency or sensitive nature grievance is not accepted, it is returned to the inmate with instructions to resubmit the grievance through the normal three-step process.  Id. § 33-103.006(4); § 33-103.007(6)(e).

We have explained that "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement. . . . [E]xhaustion is now a pre-condition to suit . . . ."  Alexander v. Hawk, 159 F.3d

1321, 1325-26 (11th Cir. 1998); see also Leal v. Georgia Department of Corrections, 254 F.3d 1276, 1279 (11th Cir. 2001) (collecting cases). We have also stated that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

In Alexander, the plaintiff did not exhaust his administrative remedies before filing suit, claiming that the Bureau of Prison's administrative remedies were futile and inadequate. See Alexander, 1559 F.3d at 1325. We concluded that § 1997e requires the plaintiff to submit his claims for monetary and injunctive relief to the available prison grievance program, "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court." Id. at 1328. In so finding, we found that exhaustion is a pre-condition to suit, and, therefore, the courts cannot simply waive those requirements where the courts determine the remedies are futile or inadequate. Id. at 1326.

In the instant case, McDaniel failed to exhaust the available administrative remedies prior to filing his suit. McDaniel filed his initial complaint on March 29, 2005. The exhibits attached to McDaniel's initial and amended complaints included only three documents dated prior to his filing of this suit – two informal

4

grievances which were denied, and one inmate request regarding his property. There were no documents submitted with either complaint indicating that McDaniel challenged the outcome of these grievances prior to filing the instant suit. To the extent McDaniel relies upon the grievances and appeals he submitted after filing his initial complaint, such grievances and appeals cannot be used to support his claim that he exhausted his administrative remedies, because satisfaction of the exhaustion requirement was a precondition to the filing of his suit, and, thus, must have occurred before the suit was filed. see Hawk, 159 F.3d at 1325-26. Moreover, to the extent McDaniel asserts that he did not exhaust his administrative remedies because appeals of his grievances would have been futile, his argument must fail, because we have explained that the district court cannot simply waive the exhaustion requirements where the court determines that the administrative remedies are futile or inadequate. Id. at 1326. Accordingly, we affirm the district court's dismissal of McDaniel's amended complaint.

On appeal, McDaniel next alleges that the district court abused its discretion in denying his emergency motions seeking injunctive relief. He claims that he was subject to threats of "irreparable harm" by the defendants, and the violations of his rights were ongoing. He argues that he demonstrated a substantial likelihood of success on the merits, because the defendants confiscated and destroyed his

5

religious possessions and shaved his head, thus denying him his freedom to exercise his religion. He claims that the threatened harm outweighed the harm to the defendants that would have resulted if the court granted injunctive relief, and injunctive relief would not disturb the public interest.

As an initial matter, McDaniel specified in his notice of appeal that he sought to appeal the district court's order dismissing his action. He did not mention the district court's denial of his requests for injunctive relief. However, an appeal from a final judgment brings up for review all preceding non-final orders. Kirkland v. Nat'l Mortgage Network, Inc., 884 F.2d 1367 (11th Cir. 1989). Accordingly, we will review McDaniel's arguments regarding the denial of his requests for injunctive relief.

We review a district court's denial of a preliminary injunction for an abuse of discretion, but do not review the intrinsic merits of the case. See Sierra Club v. Georgia Power Co., 180 F.3d 1309, 1310 (11th Cir. 1999). "Only where the district court misapplies the law will we refuse to defer to its conclusions supporting its denial of relief." Haitian Refugee Center, Inc. v. Christopher, 43 F.3d 1431, 1432 (11th Cir. 1995).

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable

injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). The movant must carry his burden as to each of the four prerequisites. Id.

In this case, the district court did not abuse its discretion by denying McDaniel's motions for a preliminary injunction, because, with respect to both of his motions, he failed to establish a substantial likelihood that he would succeed on the merits. See Siegel, 234 F.3d at 1176. As discussed above, the district court properly noted that McDaniel had not exhausted his administrative remedies prior to filing his initial complaint in the district court, and such a failure to exhaust remedies would bar McDaniel from pursuing the instant action. See 42 U.S.C. § 1997e(a). Without refuting the district court's conclusions with regard to exhaustion, McDaniel could not show a substantial likelihood of success on the merits because, even assuming arguendo that his claims had merit, they could not be brought in federal court until he had sought relief through established prison procedures. See 42 U.S.C. 1997e(a). Because McDaniel failed to demonstrate a likelihood that he would succeed on the merits, the district court did not abuse its

discretion by denying his request for injunctive relief. Accordingly, we affirm as to this issue.

Upon review of the record and consideration of McDaniel's brief, we discern no reversible error. The district court's order dismissing McDaniel's suit for failure to state a claim is

AFFIRMED.