[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 07 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14291
Non-Argument Calendar

_____

D. C. Docket No. 07-00562-CV-1-KD-M

C. B.,
by his parent and next friend,

                                                            Plaintiff-Appellant,

versus

BOARD OF SCHOOL COMMISSIONERS OF MOBILE CO., AL,
HAROLD S. DODGE,
ANDREA BARBOUR,
JACQUELYN ZIEGLER,
KEN MEGGINSON, et al.,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 7, 2008)**

Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

C.B., by his parent, next friend, and legal guardian, L.B., appeals the district court's denial of his motion for a preliminary injunction to force the Board of School Commissioners of Mobile County ("School Board") to grant his application to transfer to a different elementary school or, alternatively, enjoin the School Board from acting on any transfer applications in order to maintain the status quo. As an initial matter, to the extent C.B. argues that we should exercise our discretion to expedite review of his appeal, his claim is moot. We granted in part C.B.'s motion for expedited appeal, and, accordingly, we need not address his arguments concerning that issue.

CB argues that the School Board violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Rehabilitation Act, 29 U.S.C. § 794, when it denied him a school benefit based on his "unacceptable attendance," which consisted of absences directly related to his disabilities of diabetes and Attention Deficit Hyperactivity Disorder ("ADHD"). C.B. asserts that federal courts have granted injunctive relief in ADA cases where the alleged discrimination would result in the student-plaintiff losing a year of school or a season of athletic or extracurricular activities. C.B. argues that he is entitled to injunctive relief because the denial of an educational benefit constitutes irreparable

2

harm <u>per se</u>.  C.B. further argues that the district court applied the incorrect standard in ruling on his motion for a preliminary injunction, asserting that irreparable harm is presumed where a plaintiff can demonstrate that a federal statute, such as the ADA, has been violated.  C.B. also asserts that in <u>Ala.-Tombigbee Rivers Coalition v. Dept. of Interior</u>, 26 F.3d 1103 (11th Cir. 1994), we similarly affirmed injunctive relief without engaging in an irreparable harm analysis.

For the reasons set forth more fully below, we affirm.

We review a district court's denial of a preliminary injunction for an abuse of discretion, but do not review the intrinsic merits of the case.  See Sierra Club v. Georgia Power Co., 180 F.3d 1309, 1310 (11th Cir. 1999).  "Only where the district court misapplies the law will we refuse to defer to its conclusions supporting its denial of relief."  Haitian Refugee Center, Inc. v. Christopher, 43 F.3d 1431, 1432 (11th Cir. 1995).  "A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  Siegel v. Lepore, 234 F.3d 1163, 1176 (11th

3

Cir. 2000) (citations omitted). The movant must carry his burden as to each of the four prerequisites. Even if the movant establishes a substantial likelihood of success on the merits, his failure to establish irreparable injury "would, standing alone, make preliminary injunctive relief improper." Id. "[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent." Id. (quotation omitted).

In this case, the district court did not abuse its discretion by denying C.B.'s motion for a preliminary injunction because he failed to establish that he would suffer immediate and irreparable harm if such relief were not granted. See id. C.B. does not provide any evidence that the district court's decision to maintain the status quo in the present case constitutes irreparable harm. To the contrary, the evidence in the record indicates that the School Board has not denied educational services to C.B. altogether, but has denied authorization for him to receive those services at the school of his choice. Moreover, the record also indicates that he can continue to receive educational services at his neighborhood school while the underlying case is pending in the district court. Although C.B. asserts that other courts have granted injunctive relief in favor of students who were denied school benefits, and further asserts that the denial of such benefits constitutes irreparable harm per se, the cases he cites in support of this claim are factually distinguishable

4

as they address situations where students were at risk of being excluded from school attendance or participation in school activities for an entire year.

Moreover, to the extent C.B. argues that the district court should have applied a presumption of irreparable harm and, presumably, granted relief solely on that basis, his argument is misplaced. C.B. contends that we should follow other courts, such as the Seventh Circuit and the Eighth Circuit, which have held that "where the plaintiff seeks an injunction to prevent the violation of a federal statute that specifically provides for injunctive relief, it need not show irreparable harm." Ill. Bell Tel. Co. v. Ill. Commerce Com., 740 F.2d 566, 571 (7th Cir. 1984); see also Burlington N. R.R. Co. v. Bair, 957 F.2d 599, 601 (8th Cir. 1992) (holding that "where Congress expressly provides for injunctive relief to prevent violations of a statute, a plaintiff does not need to demonstrate irreparable harm to secure an injunction"). These circuits, however, have subsequently explained that "unless a statute clearly mandates injunctive relief for a particular set of circumstances, the courts are to employ traditional equitable considerations (including irreparable harm) in deciding whether to grant such relief." Bedrossian v. Northwestern Mem. Hosp., 409 F.3d 840, 843 (7th Cir. 2005) (citing Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-12, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982)); see also In re Sac & Fox Tribe of the Mississippi in Iowa, 340

F.3d 749, 760-62 (8th Cir. 2003) (applying a four-factor test in the absence of express statutory authority mandating injunctive relief).

Similarly, C.B.'s reliance upon our decision in <u>Ala.-Tombigbee Rivers Coalition</u> is also misplaced. Although we affirmed the district court's grant of permanent injunctive relief without applying the traditional four-factor test in that case, we did so based on a finding that the district court had the authority to grant injunctive relief where a federal statute had been violated and that the statute at issue, the Federal Advisory Committee Act, would be eviscerated if such relief were not granted. <u>See</u> 26 F.3d at 1106-07. Here, the district court did not expressly find that the ADA had been violated and C.B. did not present any evidence that the failure to grant injunctive relief would circumvent the purpose of the statute. Accordingly, the district court did not misapply the law in denying C.B.'s motion for injunctive relief.

In light of the foregoing, the denial of C.B.'s motion for preliminary injunction is

**AFFIRMED.**