[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15683
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cv-00299-RS-EMT

A.L.,
P.L.B.,
for herself,

Plaintiffs - Appellants,

versus

JACKSON COUNTY SCHOOL BOARD,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 13, 2016)

Before WILSON, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

A.L., a former special education student at Jackson County School Board (Jackson), and his mother, P.L.B., appeal the district court's order imposing sanctions against them pursuant to Rule 11 of the Federal Rules of Civil Procedure. A.L. and P.L.B. filed a complaint in district court against Jackson alleging various violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the First Amendment of the United States Constitution. The district court dismissed the complaint, Jackson moved for sanctions, and the court granted Jackson's motion. This appeal followed. After thorough review of the parties' briefs and the record, we conclude that the district court abused its discretion in granting Jackson's motion for sanctions. We vacate and remand.

I

While attending school at Jackson, A.L. qualified as a student with a disability under the IDEA and Section 504. Beginning in 2010, A.L. and P.L.B. initiated three due process hearings against Jackson, alleging, *inter alia*, that Jackson failed to provide A.L. a free and appropriate public education (FAPE) in violation of the IDEA and Section 504.[1] Two of those hearings remained pending

---

[1] Under the IDEA, disputes between families and school boards are resolved through due process proceedings. *See* 20 U.S.C. § 1415(f)(1)(A). In Florida, these hearings are conducted by an Administrative Law Judge (ALJ) of the Florida Division of Administrative Hearings (DOAH). *See* Fla. Admin. Code r. 6A–6.03311(9).

2

when A.L. and P.L.B. filed their district court complaint.  The only completed hearing concerned a request by A.L. and P.L.B. for injunctive relief.  Specifically, they sought an order requiring Jackson to provide A.L. certain special education services during the pendency of the remaining two due process hearings.  In June 2012, the presiding ALJ denied A.L.'s and P.L.B.'s request for injunctive relief, finding that "[o]nly the civil courts have [the] power and authority [to grant injunctive relief] and [A.L.'s and P.L.B.'s] remedy lies there."

A.L. and P.L.B. filed their district court complaint in September 2012.  In the complaint, they raised claims for (1) injunctive relief under the IDEA and Section 504,[2] (2) declaratory relief based on the First Amendment, (3) denial of FAPE, (4) Section 504 discrimination, and (5) retaliation under the IDEA and Section 504.  The district court dismissed all of these claims because it found that A.L. and P.L.B. failed to exhaust their administrative remedies.[3]

Thereafter, Jackson moved for Rule 11 sanctions.  In considering the motion, the district court determined that *CP v. Leon County School Board*[4] precluded all of A.L.'s and P.L.B.'s claims and that A.L.'s and P.L.B.'s counsel represented the plaintiff in *CP*.  Based solely on these findings, the court concluded

---

[2] The injunctive relief sought mirrored the relief requested before the ALJ.  A.L. and P.L.B. alleged that A.L. would be irreparably injured if he did not receive certain special education services pending the outcome of the two ongoing due process hearings.

[3] "[W]hether claims asserting the rights of disabled children are brought pursuant to the IDEA, . . . Section 504, or the Constitution, they must first be exhausted in state administrative proceedings."  *M.T.V. v. DeKalb Cty. Sch. Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006).

[4] 483 F.3d 1151 (11th Cir. 2007).

3

that A.L.'s and P.L.B.'s counsel knowingly filed a legally frivolous complaint on their behalf, thus warranting sanctions.

## II

"We review a district court's award of Rule 11 sanctions for abuse of discretion." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (per curiam). "A district court ruling based on an erroneous interpretation of the law or a clearly erroneous reading of the evidence would constitute an abuse of discretion." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam); *see also Indus. Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998).

When faced with a motion for Rule 11 sanctions, a district court must determine "whether the [non-movant]'s claims are objectively frivolous" and "whether the person who signed the pleadings should have been aware that they were frivolous." *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). In other words, the "standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted." *Id.* "Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief." *Id.* "However, the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression." *Id.* The dismissal of an action, "in and of

4

itself, does not mean that an action is frivolous or warrants the imposition of sanctions." *Id.*

A district court may award Rule 11 sanctions "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale*, 267 F.3d at 1301 (internal quotation marks omitted). Here, the district court granted Jackson's motion for sanctions because it concluded that A.L.'s and P.L.B.'s pleading had no reasonable chance of success under controlling precedent—*CP*.

III

A.L. and P.L.B. argue that their complaint was not frivolous because *CP* did not preclude their claim for injunctive relief. As such, they assert that the district court abused its discretion in granting Jackson's motion for sanctions. We agree. The district court's determination that *CP* rendered A.L.'s and P.L.B.'s request for an injunction frivolous was "based on an erroneous interpretation of the law." *See Attwood*, 105 F.3d at 612. And, under the record before us, there is no alternative basis to support a finding that the request was "objectively frivolous" and that A.L.'s and P.L.B.'s counsel "should have been aware that [it] w[as] frivolous." *See Baker*, 158 F.3d at 524. Therefore, the court abused its discretion in

5

concluding that A.L.'s and P.L.B's pleading had no reasonable chance of success. *See Attwood*, 105 F.3d at 612.

CP had no bearing on the viability of A.L.'s and P.L.B.'s request for an injunction because *CP* addressed a different type of legal claim: a merits-based IDEA claim. *See Sierra Club v. Ga. Power Co.*, 180 F.3d 1309, 1310 (11th Cir. 1999) (per curiam) (When considering a request for an injunction, "we do not review the intrinsic merits of the case."). In *CP*, the plaintiff-student claimed that the defendant-school board denied him FAPE by failing to update his educational placement while the parties were litigating a prior IDEA action. *See* 483 F.3d at 1156–57. Hence, the issue presented in *CP* was whether the school board previously violated the student's IDEA rights. *See id.* Based on the IDEA's "stay-put" provision, we found no such violation. *See id.* at 1158. Under that provision, "during the pendency of any [IDEA] proceedings . . . unless the [school board] and the parents [or student] otherwise agree, the child shall remain in [his] then-current educational placement . . . until all such proceedings have been completed." *See id.* at 1156 (internal quotation marks omitted). Because the student and the school board were unable to agree to a new educational placement while the relevant IDEA proceedings were pending, we concluded that the school board "properly maintained [the student's] placement under the stay-put [provision]." *See id.* at 1158.

6

In contrast to the student in *CP*, A.L. and P.L.B. sought an injunction in an effort to obtain allegedly critical educational services for A.L. while an ALJ considered the merits of their IDEA and related claims.  Although the basis for this claim, like the claim in *CP*, arose during the pendency of IDEA proceedings, this claim did not present a question as to whether Jackson denied A.L. FAPE while the stay-put provision was in effect.  Instead, it required a determination as to (1) whether A.L. and P.L.B. had a "substantial likelihood of success" with respect to their underlying IDEA claims; (2) whether A.L. would have suffered "irreparable injury" without the immediate injunctive relief sought; (3) whether the "threatened injury" to A.L. outweighed the damage the injunction would have caused Jackson; and (4) whether the injunction would have been "adverse to the public interest." *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (summarizing the standard for injunctive relief).  Thus, *CP* considered a legal question distinct from the question presented by A.L.'s and P.L.B.'s claim for an injunction, and *CP* did not control the claim.  The district court committed legal error in concluding otherwise.

Putting aside *CP*, the record before us does not offer any alternative grounds to uphold the district court's decision.  Jackson argues that, regardless as to whether *CP* is controlling, we should affirm the decision because A.L.'s and P.L.B.'s request for an injunction was objectively frivolous in that it clearly did not

meet the "substantial likelihood of success" prong of the injunction standard. However, there is no basis in the record to support such a finding. Given that Jackson never raised this argument before the district court and the court dismissed all of A.L.'s and P.L.B.'s claims due to a failure to exhaust, the record is devoid of information related to the merits of the injunction claim. In addition, even assuming the district court could have found that the claim was frivolous based on the "substantial likelihood of success" prong, the record provides no support for a finding that A.L.'s and P.L.B.'s counsel "should have been aware" of that frivolity. *See Baker*, 158 F.3d at 524.

A.L.'s and P.L.B.'s request for an injunction also was not objectively frivolous based on exhaustion grounds. The ALJ ruled on the request in its June 2012 order and the order explicitly stated that the proper forum for A.L. and P.L.B. to pursue injunctive relief was civil court. Moreover, although our circuit has yet to address in a published opinion whether a request like A.L.'s and P.L.B.'s is improper under the IDEA's exhaustion requirement, several of our sister circuit have determined that such a request is permissible. *See*, *e.g.*, *Doe v. Brookline Sch. Comm.*, 722 F.2d 910, 912, 917 (1st Cir. 1983) (reaffirming that a party seeking to depart from the "status quo" "pending [IDEA] review" can move for a preliminary injunction); *Digre v. Roseville Sch. Indep. Dist. No. 623*, 841 F.2d 245, 251 (8th Cir. 1988) (The family can "invoke[e] the general equitable powers of the district

court under the [IDEA] to grant preliminary injunctive relief to protect [the student] from irreparable harm."); *Johnson ex rel. Johnson v. Special Educ. Hearing Office*, 287 F.3d 1176, 1180 (9th Cir. 2002) (per curiam) (examining a student's request for an injunction).

Accordingly, the district court abused its discretion in granting Jackson's motion for sanctions. *See Indus. Risk Insurers*, 141 F.3d at 1450 (holding that the district court abused its discretion in awarding sanctions because its decision was based on an erroneous interpretation of a relevant order).

**VACATED AND REMANDED.**