**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In re: Tony Megna, Respondent,

James A. Anasti, Appellant,

v.

Lance Wilson, Willis Goodwin, Gina L. Anasti Lee, and Richland County Clerk of Court, Defendants.

Appellate Case No. 2015-002054

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

Unpublished Opinion No. 2018-UP-127
Heard February 6, 2018 – Filed March 21, 2018

**AFFIRMED**

Desa Ballard, of Ballard & Watson, Attorneys at Law, of West Columbia, and Douglas Neal Truslow, of Truslow & Truslow, of Columbia, both for Appellant.

Keith M. Babcock and Ariail Elizabeth King, both of Lewis Babcock L.L.P., of Columbia, and James Mixon Griffin, of Griffin - Davis, of Columbia, all for Respondent.

**PER CURIAM:**  Appellant James A. Anasti filed this appeal challenging a circuit court order denying his motion for sanctions against Respondent Tony Megna under Rule 11, SCRCP.  Appellant argues Respondent asserted frivolous and disingenuous defenses in the underlying action in violation of Rule 11.  We affirm.

We find Appellant failed to carry his burden of showing Respondent asserted frivolous defenses.  *See Ex parte Gregory*, 378 S.C. 430, 436–37, 663 S.E.2d 46, 50 (2008) (noting claims for sanctions under Rule 11 or the Frivolous Civil Proceedings Sanction Act[1] are equitable matters); *Stoney v. Stoney*, Op. No. 27758 (S.C. Sup. Ct. filed Dec. 20, 2017) (Shearouse Adv. Sh. No. 48 at 51) (declaring the standard of review in equitable matters is de novo); *id*. (explaining, under de novo review, we may consider two principles long recognized by our courts "(1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]").

On appeal, Appellant specifically argues two of the defenses asserted by Respondent were frivolous.  *See* Rule 11(a), SCRCP (stating "[e]very pleading, motion[,] or other paper of a party represented by an attorney shall be signed in his individual name by at least one attorney of record," and the signature "constitutes a certificate by [the attorney] that he has read the pleading, motion[,] or other paper; that to the best of his knowledge, information[,] and belief there is good ground to support it; and that it is not interposed for delay"); *Gregory*, 378 S.C. at 437, 663 S.E.2d at 50 (interpreting Rule 11(a) as allowing sanctions against a party or a party's attorney "for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments" (citing *Runyon v. Wright*, 322 S.C. 15, 19, 471 S.E.2d 160, 162 (1996))).

First, Appellant claims Respondent knew his defense that Gina Lee inherited the Property was frivolous.  Appellant relies on two pieces of evidence to show Respondent knew this argument was frivolous.  Appellant points to a letter from an attorney, Joseph Moore, expressing his opinion that Lee "did not inherit any interest in the Property."  Moore's letter, by itself, was insufficient to render Respondent's defense to the contrary frivolous.  Moore's letter amounts to a legal opinion from another attorney.  Respondent's defense, which contradicted Moore's letter, was not rendered frivolous simply because another member of the bar disagreed with it.  Further, Moore equivocated in the letter by saying he wished "to

_____

[1] S.C. Code Ann. § 15-36-10 (Supp. 2017).

consult with another attorney" to discuss the issues. Thus, as long as Respondent had good ground to support his defense—to the best of his knowledge, information, and belief—he did not violate Rule 11 by asserting the defense.

Next, Appellant relies on a letter from Respondent to his client, Lee, for evidence Respondent knew this defense was frivolous. However, we decline to consider the letter between Respondent and Lee because the circuit court found Appellant violated Rule 26(b)(5)(B), SCRCP, with regard to the letter. At some point after Respondent produced the letter to Appellant, Respondent notified Appellant the letter was subject to attorney-client privilege and requested Appellant return it. Appellant refused, and the circuit court found Appellant failed to comply with Rule 26(b)(5)(B), which sets out the procedure for resolving such a dispute.[2] Appellant did not appeal the circuit court's finding that he violated Rule 26(b)(5)(B). *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."). The rule also provides the party receiving a disputed document "may not use or disclose the information until the claim is resolved." Thus, it was improper for Appellant to use and rely on the letter throughout this litigation, and we decline to base a violation of Rule 11 on a letter that Appellant never should have used or disclosed.

Moreover, we find Respondent had non-frivolous grounds to support the defense that Lee inherited the property. As part of this defense, Respondent claimed Appellant participated in the probate proceedings and agreed to the transfer of the property to Lee according to their father's will. At the conclusion of the probate proceedings, Appellant signed a release that purported to "forever discharge[] the [p]ersonal [r]epresentative(s) and the [e]state from any and all rights and claims, which [Appellant] may have against the [p]ersonal [r]epresentative(s) and the [e]state." Respondent also cited section 62-3-1006 of the South Carolina Code (Supp. 2017)[3] as barring Appellant's claim. We acknowledge Lee faced what proved to be an insurmountable argument that, despite the terms of her father's will that purportedly devised the property to her, title actually passed to her brother upon her father's death, as her brother and father held title as tenants in common with right of survivorship. We find, however, the title issue was muddled by the Dallis Law Firm's 2000 certification that Lee held legal title. We were unable to

---

[2] Appellant attempted to mitigate his noncompliance with Rule 26(b)(5)(B) by informing the circuit court he "got a second opinion from somebody who's skilled in ethics about what you're supposed to do in this situation."

[3] Section 62-3-1006 creates a statute of limitations of three years for claims against distributees by persons claiming to be entitled to a distribution from an estate.

find any case law in South Carolina interpreting whether section 62-3-1006 bars claims against distributees for property erroneously included in an estate. Also, we were unable to find any case law in South Carolina interpreting what effect the release signed by Appellant would have on property erroneously included in the estate. Moreover, the opinion letter from Joseph Moore, discussed above, failed to render any opinion on what impact the release signed by Appellant or section 62-3-1006 may have on a title dispute. Thus, Respondent's arguments regarding section 62-3-1006 and the release were novel issues under the unique facts of this case. As novel issues, these arguments had some merit and did not rise to the level of frivolity. *See Gregory*, 378 S.C. at 437, 663 S.E.2d at 50 (interpreting Rule 11(a) as allowing sanctions against a party's attorney "for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments"). Thus, under the standard for Rule 11(a), sanctions were not warranted against Respondent for asserting the defense that Lee inherited the Property with Appellant's consent and that section 62-3-1006 barred any review of the issue.

The second defense Appellant argues was frivolous was Respondent's adverse possession claim. We find Respondent's argument raised a novel issue and he had a reasonable basis for asserting and pursuing the argument. Specifically, Respondent's argument that Lee remained in continuous possession of the Property after the sale in January 2000 due to her retaining a mortgage interest in the Property was a novel issue in South Carolina. Because Respondent's adverse possession defense involved a novel argument and there was a reasonable basis underlying it, the defense did not rise to the level of frivolity. *See A.L. v. Jackson Cty. Sch. Bd.*, 652 Fed. Appx. 795, 797 (11th Cir. 2016) ("[T]he purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression."); *Quets v. Needham*, 682 S.E.2d 214, 223 (N.C. Ct. App. 2009) ("Rule 11 sanctions are inappropriate where the issue raised by a plaintiff's complaint is one of first impression."). Although the existence of a novel legal issue may not prohibit the imposition of Rule 11 sanctions as a matter of law, it weighs in favor of not awarding sanctions. In this case, Megna's novel adverse possession argument did not rise to the level of being frivolous. [4]

---

[4] In granting summary judgment against Lee, Judge Kinard did not deem Lee's positions unfounded or meritless. Likewise, Judge Thomas W. Cooper, who served as the arbitrator in a related proceeding, ruled while the evidence was "irrefutable" that Lee never held title, "her actions were not willful actions in that she had a good faith belief that she was the owner of the subject property as a result of [her father's] will."

Finally, during oral argument, Appellant asserted the circuit court erred by misstating the law regarding the burden of proof required to show a Rule 11 violation. Specifically, Appellant claimed he was not required to prove Respondent's mental state to show a violation of Rule 11. We find Appellant failed to adequately raise this issue on appeal. Appellant's brief stated simply, "[t]he [circuit] court erred on both a factual and legal basis." The brief failed to make any other statements or arguments regarding the specifics of how Appellant believed the circuit court erred by requiring him to prove Respondent's mental state. The brief also failed to cite any authority supporting this issue. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); Rule 208(b)(1)(D), SCACR (requiring "discussion and citations of authority" in the appellant's brief for this Court to consider an issue); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) ("Numerous cases have held that where an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal."). Furthermore, Appellant could not use oral argument to raise and argue an issue for the first time. *See Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use either oral argument or the reply brief as a vehicle to argue issues not argued in the appellant's brief.").

Based on the foregoing, we affirm the circuit court's order because Appellant failed to show Respondent asserted the defenses in violation of Rule 11.

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**