[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14351

Non-Argument Calendar

_____

DOUGLAS MARSHALL JACKSON,

Plaintiff-Appellant,

*versus*

MARK INCH,
Individual and Official Capacity as Secretary,
J. BALDRIDGE,
Individual and Official Capacity as Warden,
R SCHMITT,
Individual and Official Capacity as Assistant Warden,
JOHNNY FRAMBO,
Individual and Official Capacity as D/B/A Chaplaincy
 Services Administrator for Fl Department of Corrections,

2                    Opinion of the Court                    21-14351

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cv-00255-TPB-PRL

———————————

Before GRANT, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Douglas Jackson, a prisoner proceeding *pro se*, appeals from the District Court's *sua sponte* dismissal of his amended complaint against former Secretary of the Florida Department of Corrections ("FDOC") March Inch, prison officials J. Baldridge, R. Schmitt, and Johnny Frambo, and the FDOC, as frivolous, malicious, and insufficient to state a claim. His complaint raised violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 and 42 U.S.C. § 1983, and purported to raise claims under 18 U.S.C. §§ 242 and 247.[1]

Jackson makes four arguments on appeal: (1) the District Court erred by dismissing his complaint for failure to state a claim; (2) the District Court erred by failing to enforce the Establishment

———————————

[1] On appeal, Jackson has abandoned all his claims besides those raised under RLUIPA.

Clause and sovereignty of his religious group; (3) the District Court abused its discretion by denying his petition for a writ of mandamus; and (4) the District Court abused its discretion by denying his motion for a preliminary injunction. [2]   We consider each argument in turn.

## I.

Courts must review, before docketing or as soon as practicable after docketing, any civil complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The court must identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* (b)(1).   We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim pursuant to § 1915A(b)(1) and apply the same standard used for dismissals pursuant to Fed. R. Civ. P. 12(b)(6). *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).

An appellant abandons any argument not briefed before us, made in passing, or raised briefly without supporting arguments or authority. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678,

---

[2] We note that Jackson moves to substitute the current FDOC Secretary, Ricky Dixon for Inch in his official capacity.  We conclude that an order substituting Dixon is unnecessary here because Dixon was automatically substituted for Inch in his official capacity when Inch resigned as secretary.  Fed. R. App. P. 43(c)(2).  We deny the motion without further discussion.

681 (11th Cir. 2014).  To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must argue that each ground is incorrect: if he fails to challenge any ground on appeal, the judgment is due to be affirmed.  *See Sapuppo*, 739 F.3d at 680.

Here, Jackson does not argue on appeal that the court abused its discretion by finding that his complaint was frivolous or malicious and has thus abandoned any argument on those issues. *See Access Now, Inc.,* 385 F.3d at 1330.  Because he does not challenge on appeal two of the court's independent grounds for the dismissal of his complaint, we affirm that dismissal.  *See Sapuppo*, 739 F.3d at 680.  Furthermore, his assertions that the defendants burdened his religious exercise and that he was denied group worship services were conclusory.  *See Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## II.

Jackson has abandoned his arguments that the court failed to enforce the Establishment Clause or the sovereignty of his religious group by failing to provide supporting arguments.  *See Sapuppo*, 739 F.3d at 681.

## III.

We review the denial of a petition for a writ of mandamus for an abuse of discretion.  *See Kerr v. U.S. Dist. Ct. for N. Dist.*, 426 U.S. 394, 403 (1976).  A writ of mandamus is a drastic remedy that is solely invoked in extraordinary situations.  *Id.* at 402.  The

writ should issue solely where the party seeking it has no other means of obtaining the relief he desires and shows that his right to issuance of the writ is clear and indisputable. *Id.* at 403.

Here, Jackson has abandoned any argument that the court erred by denying his petition for a writ of mandamus by failing to raise supporting arguments and authorities. *See Sapuppo*, 739 F.3d at 681. Furthermore, he failed to indisputably establish that he lacked any other means of obtaining relief or that he was entitled to issuance of the writ. *See Kerr*, 426 U.S. at 403.

## IV.

We review the denial of a motion for a preliminary injunction for an abuse of discretion. *See Sierra Club v. Georgia Power Co.*, 180 F.3d 1309, 1310 (11th Cir. 1999). To receive a preliminary injunction, a movant must demonstrate that he (1) is likely to succeed on the merits, (2) will be irreparably injured if the injunction is denied, (3) is threatened by an injury greater than the injury the opposing party may suffer from an injunction, and (4) is requesting an injunction that would not be against the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). A movant must clearly meet his burden of persuasion on each element. *Id.* Finally, a finding that a complaint fails to state a claim moots any issues regarding a preliminary injunction. *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 794 F.3d 1327, 1330 n.3 (11th Cir. 2015).

6                    Opinion of the Court                    21-14351

Here, Jackson has abandoned any argument that the district court abused its discretion by denying his motion for a preliminary injunction because he has failed to provide supporting arguments and authorities. *See Sapuppo*, 739 F.3d at 681. Furthermore, his motion was moot once the court dismissed his complaint. *Gissendaner*, 794 F.3d at 1330 n.3.

**AFFIRMED.**