[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13005

Non-Argument Calendar

_____

ANTHONY OLIVER,

Plaintiff-Appellant,

*versus*

AMERIS BANK,
CHEX SYSTEMS, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SOLUTIONS, LLC,

Defendants-Appellees,

GEOVISTA CREDIT UNION, et al.,

2                    Opinion of the Court                    21-13005

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cv-00273-RSB-CLR

_____

Before ROSENBAUM, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Anthony Oliver, a Georgia prisoner proceeding *pro se*,[1] appeals the district court's 10 August 2021 order (1) dismissing with prejudice Oliver's *pro se* civil action as a sanction for Oliver's attempting to deceive the district court; and (2) imposing additional pre-filing restrictions on Oliver's future filings in the district court. Reversible error has been shown; we affirm in part and vacate in part the district court's order and remand for further proceedings.

**I.**

We begin with some background.  In earlier unrelated civil actions, the district court has previously declared Oliver a vexatious

_____

[1] We read liberally appellate briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

litigant.[2]  *See, e.g., Oliver v. City of Pooler*, No. 4:18-cv-00100, 2019 U.S. Dist. LEXIS 33078 (S.D. Ga. Feb. 28, 2019).  In May 2018 -- in response to Oliver's continued abusive litigation practices despite repeated warnings -- the district court entered an order enjoining Oliver from filing *pro se* any new civil action unless he satisfied certain pre-conditions.  *See Oliver v. Cty. of Chatham*, No. 4:17-cv-00101, 2018 U.S. Dist. LEXIS 90887 (S.D. Ga. May 30, 2018).  Among the pre-conditions, Oliver was required to post a $1000 contempt bond in addition to paying the district court's normal filing fee: an amount that would be returned to Oliver at the conclusion of his case if he conducted himself appropriately.  *See id.*

In October 2019, the district court concluded that it was necessary to impose additional pre-conditions to discourage Oliver's continued vexatious conduct.  *See Oliver v. Lyft*, Nos. 4:19-cv-00063 & 4:19-cv-00125, 2019 U.S. Dist. LEXIS 181836 (S.D. Ga. Oct. 21, 2019), *adopting* 2019 U.S. Dist. LEXIS 182484 (S.D. Ga. Sept. 13, 2019) (providing that -- if Oliver failed to post the required $1000 contempt bond -- the district court would conduct an initial screening and dismiss without further judicial action any complaint that failed to state a plausible claim for relief).

In June 2020, Oliver filed *pro se* the civil action underlying this appeal.  Oliver filed the initial complaint in state court and the

---

[2] Oliver has also been identified as a vexatious litigant in the Central District of California.  *See Oliver v. Luner*, 2:18-cv-02562, 2018 U.S. Dist. LEXIS 220345 (C.D. Cal. Sep. 26, 2018).

action was later removed to federal district court. At the time of filing, Oliver was incarcerated at a state prison in Georgia.

On 15 January 2021, the district court suspended the contempt-bond requirement for federal civil actions filed during Oliver's incarceration and in which Oliver was proceeding *in forma pauperis*. The district court reasoned that -- while Oliver was in prison -- the provisions of the Prison Reform Litigation Act ("PLRA") would serve to deter Oliver from filing frivolous lawsuits.

For all other cases filed while Oliver was incarcerated -- including cases like this one that had been removed from state court -- the district court ordered that Oliver be permitted to move for a waiver of the contempt-bond requirement. The district court provided that a motion for waiver be accompanied by supporting documentation, including a copy of Oliver's prisoner trust account and a sworn affidavit declaring under penalty of perjury an inability to pay.

The district court declined to address whether the PLRA's three-strikes rule in 28 U.S.C. § 1915(g) was applicable to this case. The district court said expressly that it was the district court's understanding that Oliver had not accumulated the requisite prior dismissals to trigger the three-strikes bar.

In July 2021, a magistrate judge issued a 27-page report and recommendation ("R&R"). The magistrate judge recommended that the district court dismiss with prejudice Oliver's complaint. The magistrate judge determined that Oliver had tried actively to deceive the court by failing to correct the district court's

misunderstanding about Oliver's status as a three-striker under section 1915(g). The magistrate judge identified four cases that qualified as strikes for purposes of section 1915(g): *Oliver v. Gore*, 3:09-cv-02505, 2010 U.S. Dist. LEXIS 46822 (S.D. Cal. May 11, 2010); *Oliver v. Sloane*, 4:10-cv-00169 (D. Ariz. June 8, 2010); *Oliver v. Reays Ranch Inv'rs*, 4:10-cv-00158 (D. Ariz. Jul. 19, 2010); and *Oliver v. Cty. of Isanti*, 0:10-cv-04218 (D. Minn. Jan. 3, 2011). Based on a determination that Oliver knew about his status as a three-striker, the magistrate judge recommended that Oliver's complaint be dismissed with prejudice as a sanction for Oliver's attempt to deceive knowingly the court. The magistrate judge also recommended that the district court impose additional pre-filing conditions in the light of Oliver's continuing pattern of abusive and vexatious conduct despite repeated warnings.

Oliver objected to the R&R. Oliver challenged the magistrate judge's determination that Oliver qualified as a three-striker, arguing (1) that he was not the person who filed the civil actions in *Sloane*, *Reays Ranch*, and *Isanti*; and (2) that the dismissal in *Gore* constituted no strike. Oliver also disputed the magistrate judge's determination that Oliver had engaged in abusive conduct.

On 10 August 2021, the district court issued a detailed order overruling Oliver's objections and adopting the R&R. The district court rejected Oliver's assertion that he was not the plaintiff in *Sloane*, *Reays Ranch*, and *Isanti*. The district court found that Oliver knowingly withheld information about his three-striker status and

that dismissal was an appropriate sanction for Oliver's attempt to deceive the court.[3]

The district court also determined that Oliver's continued vexatious conduct warranted additional pre-filing conditions. The district court thus ordered that all of Oliver's future filings be subject to an initial review by the presiding judge and that only those complaints that alleged a plausible claim for relief be approved for filing. The district court ordered all other cases be dismissed without further judicial action after 30 days. For any case approved for filing, the district court required Oliver to post a $1000 contempt bond. The district court's order included no language about waiving the bond requirement.

## II.

On appeal, Oliver first challenges the district court's dismissal of his complaint as a sanction for attempting to deceive the district court. Oliver denies that he qualifies as a three-striker and continues to assert that he is not the person who filed the civil actions in *Sloane*, *Reays Ranch*, and *Isanti*.

We review a district court's imposition of sanctions -- including dismissal with prejudice -- under an abuse-of-discretion standard. *See Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997). A district court abuses its discretion if it applies an incorrect legal

---

[3] The district court also denied Oliver's motion to waive the contempt bond in this case. Oliver raises no substantive argument challenging that ruling on appeal.

standard, follows improper procedures, or makes findings of fact that are clearly erroneous.  *See Sciarretta v. Lincoln Nat'l Life Ins. Co.*, 778 F.3d 1205, 1212 (11th Cir. 2015).

Oliver has failed to show that the district court clearly erred in determining that Oliver was in fact the person who filed the civil actions in *Sloane*, *Reays Ranch*, and *Isanti*.  The district court explained that the facts alleged in those civil actions -- including the name of the plaintiff's ex-girlfriend, the circumstances of their relationship, and the plaintiff's address and prisoner identification number -- were consistent with information provided in recent civil actions filed by Oliver.  The district court also determined that the plaintiff's handwriting in the earlier civil actions was sufficiently similar to Oliver's handwriting to support a finding that Oliver was the plaintiff in *Sloane*, *Reays Ranch*, and *Isanti*.

Oliver has also failed to show that the district court clearly erred in determining that Oliver knew about his history of previous strikes.  Among other things, Oliver twice had civil actions dismissed on grounds that Oliver was a three-striker under section 1915(g).  *See Oliver v. Kemp*, 1:19-cv-05014 (N.D. Ga. Dec. 12, 2019); *Oliver v. Chex Sys., Inc.*, 3:20-cv-00030 (N.D. Ga. Apr. 21, 2020).

The district court determined reasonably that Oliver attempted knowingly to deceive the court when he failed to correct the record by disclosing his previous strikes.  Given Oliver's lack of candor -- and Oliver's history of bad faith litigiousness -- the district court acted within its discretion by dismissing Oliver's civil action with prejudice as a sanction.  *See Attwood*, 105 F.3d at 613 (affirming

the dismissal with prejudice of a *pro se* prisoner complaint as a sanction based on the district court's finding that the plaintiff made false claims of indigency and had a history of bad-faith litigation).

## III.

Oliver next contends that the district court erred in finding that he engaged in vexatious conduct warranting additional pre-filing conditions.  Oliver also argues that the district court's contempt-bond requirement forecloses his access to the courts.

We review for abuse of discretion a district court's imposition of a pre-filing injunction.  *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792, F.2d 1069, 1073 (11th Cir. 1986) (*en banc*). We have recognized that a district court has "[c]onsiderable discretion" in this area.  *See id.* at 1074.  An abusive litigant may be "severely restricted as to what he may file and how he must behave in his applications for judicial relief" as long as he is not "completely foreclosed from *any* access to the court."  *Id.* (emphasis in original); *see Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) ("The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a

21-13005                Opinion of the Court                9

litigant cannot be 'completely foreclosed from *any* access to the court.'" (emphasis in original)).[4]

The district court acted within its considerable discretion in determining that additional pre-filing conditions were warranted under the circumstances presented in this case. The record supports the district court's determination that Oliver has continued to engage in abusive and vexatious litigation conduct despite repeated warnings and the imposition of less restrictive pre-filing conditions. The magistrate judge described in detail Oliver's history of abusive litigation conduct and provided examples of how Oliver's conduct in this case -- including Oliver's motion to strike a portion of an already-withdrawn pleading, his motion for sanctions against opposing counsel, and his motion to dismiss voluntarily the case -- was similar to the kinds of conduct for which Oliver had been sanctioned in the past.

Turning to the district court's newly-imposed pre-filing conditions themselves, the district court abused no discretion by subjecting Oliver's future filings to an initial frivolity screening. We have concluded under circumstances similar to those presented in this case that requiring an abusive litigant to submit future filings for pre-filing screening is permissible because it still allows the

---

[4] On appeal, Oliver relies chiefly on factors described by the Second and Ninth Circuits in *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986), and *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990). We decline to consider this kind of multi-factor approach and rely, instead, on our binding precedent in this area.

litigant adequate access to the courts. *See Cofield v. Ala. Pub. Serv. Com.*, 936 F.2d 512, 518 (11th Cir. 1991) ("As long as the district court judges merely screen out the frivolous and malicious claims and allow the arguable claims to go forward, [the abusive litigant] is not placed in a position different from other *in forma pauperis* litigants.").

We do, however, have concerns about the portion of the district court's order requiring Oliver to post a contempt bond for cases that survive the frivolity screening process. Unlike the district court's 15 January 2021 order, the 10 August 2021 order includes no express language permitting Oliver to move for a waiver of the contempt-bond requirement. Given the district court's silence on the matter, we cannot determine whether the district court intended to revoke -- or to leave in place -- Oliver's ability to seek such a waiver. We have little doubt that flatly prohibiting Oliver from moving for a waiver of the contempt-bond requirement could foreclose completely -- and impermissibly -- Oliver's access to the courts.

Because we find the district court's 10 August 2021 order unclear on the subject of waiver, we vacate in part the district court's order. We remand with instructions for the district court to include -- among the list of pre-filing conditions -- language detailing the procedure by which Oliver may seek a waiver of the contempt-bond requirement if he is unable to afford one.

In sum, we affirm the portions of the district court's 10 August 2021 order dismissing with prejudice Oliver's civil action and

determining that additional pre-filing restrictions are warranted. We vacate only the portion of the district court's order pertaining to the contempt-bond requirement and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.